IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE WILLIAMS, SPN #02090009, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-11-3434 |
| v. | § § | |
| SHERIFF ADRIAN GARCIA, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Eugene Williams, a Harris County Jail inmate, challenges a state court conviction for felony theft under $1500 made pursuant to a guilty plea. State v. Williams, No. 13049001010 (184th Dist. Ct., Harris County, Texas, May 6, 2011). In support of his challenge, Robinson alleges that he was unaware of the consequences of his plea, that he was denied effective assistance of counsel, that he was denied the right to appeal, and that the terms of the plea were not followed. This petition will be dismissed because of the petitioner's failure to exhaust state remedies.

The pending federal habeas petition reflects that Williams did not file an appeal (Docket Entry No. 1 at 2). He alleges that he filed a post-conviction state application for a writ of habeas corpus in July of 2011; however, Williams has not received any response to his request concerning the disposition of the application. Id. at 3.

A federal habeas petitioner challenging the validity of his incarceration pursuant to a state-court conviction must exhaust available state remedies before seeking relief in the federal courts. 28 U.S.C. § 2254(b)(1); Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). The substance of the claims must have been presented to the state's highest court, the Texas Court of Criminal Appeals in this case. See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). In doing so, the petitioner must present all legal theories and factual allegations that support his claims for relief. Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001). To satisfy this requirement, the federal claims must have been fairly presented to the Court of Criminal Appeals either in a petition for discretionary review or in an application for a writ of habeas corpus. See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts. Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999), citing Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991).

Williams has admitted that he did not file a direct appeal. The court has examined the records of the Court of Criminal Appeals and has found no entry indicating that an application for a writ of habeas corpus has been filed challenging the 2011 state court

judgment. See Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us. The court has also examined the Harris County District Clerk's records, which do not reflect that any post-conviction writ application has been filed challenging Williams' 2011 felony theft conviction. See Harris County District Clerk's Website, http://www.hcdistrictclerk.com.

Williams states that he has only recently filed his state habeas application. State courts must be given an opportunity to address the issues before Williams can seek relief in the federal courts. Picard v. Connor, 92 S. Ct. 509 (1971). The exhaustion doctrine will not be applied when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights and where the delay is wholly and completely the fault of the state. Deters v. Collins, 985 F.2d 789, 795-96 (5th Cir. 1993). However, the time periods justifying an exception to the exhaustion requirement have exceeded a year. See, e.g., Breazeale v. Bradley, 582 F.2d 5 (5th Cir. 1978). Williams' petition indicates that he filed his state habeas application less than three months ago. Accordingly, this action will be dismissed without prejudice for failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

Should Williams file a notice of appeal, this court will deny the issuance of a certificate of appealability for the reasons

stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

The court **ORDERS** the following:

1. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of September, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE